ORDERED.

Dated:  July 31, 2017

_____
Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:  Case No. 9:16-bk-08007-FMD
Chapter 13

Jeremy S. Jack and
Theresa M. Jack,

    Debtors.
_____/

**MEMORANDUM OPINION ON MOTION TO COMPEL
ASSUMPTION OR REJECTION OF UNEXPIRED PERSONAL PROPERTY LEASE[1]**

Property rights in a bankruptcy case are determined under state law. Under Florida law, an agreement for the lease of personal property for personal or household use with a term of less than four months is deemed to be a lease and not a security agreement. Because the debtor here entered into a rental-purchase agreement of personal property with an initial term of two months, the Court finds that the agreement is a true lease rather than a disguised security agreement. Therefore, the Court will grant the lessor's request that the debtor be compelled to assume or reject the rental-purchase agreement.

---

[1] On June 29, 2017, the Court orally announced its ruling granting Acceptance Now's *Motion to Compel Assumption or Rejection of Unexpired Personal Property Lease* (Doc. No. 20); on July 17, 2017, the Court entered its order memorializing the ruling (Doc. No. 38) (the "Order"). This Memorandum Opinion supplements the Court's oral ruling and the Order.

**FACTS**

The facts are not in dispute. Debtor Jeremy S. Jack ("Debtor") leased bedroom furniture and a tool storage bench (the "Furniture") from Acceptance Now under a rental-purchase agreement (the "Agreement").[2] The Agreement was for an initial two-month period, with options for renewal or termination. Debtor could become the owner of the Furniture at any time by: (1) paying the stated purchase price in full; (2) making monthly rental payments for 37 months; or (3) by exercising an "Early Purchase Option" at any time by paying the purchase price, together with any past due payments and additional charges associated with the Early Purchase Option.

On September 16, 2016, Debtor and his wife filed this Chapter 13 bankruptcy case.[3] They filed a Chapter 13 Plan (the "Plan")[4] that treated Acceptance Now as a secured creditor with a claim of $5,892.00. The Plan proposed to value Acceptance Now's collateral, the Furniture, under 11 U.S.C. § 506(a),[5] at $900.00, with the allowed secured claim being paid in full with interest over the 60 months of the Plan, and the unsecured portion of the claim being paid *pro rata* with other unsecured creditors.[6] However, it appears that any distribution to unsecured creditors under the Plan is unlikely.[7]

---

[2] Doc. No. 20, Ex. A.
[3] Doc. No. 1.
[4] Doc. No. 2.
[5] Unless otherwise stated, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.
[6] Doc. No. 2. Debtor also moved to value Acceptance Now's collateral under 11 U.S.C. § 506 (Doc. No. 19), but later withdrew that motion in open court (Doc. No. 32).
[7] The Plan called for Debtors to make payments of $116.00 for 60 months, to pay the Chapter 13 Trustee's fee of 10% of payments paid by Debtors, attorney's fees of $3,100.00, Acceptance Now's secured claim of $900.00, and a priority IRS claim of $3,148.00. In addition, claims were filed on two student loan claims totaling nearly $150,000.00 (Claim Nos. 3 and 4).

Acceptance Now filed its *Motion to Compel Assumption or Rejection of Unexpired Personal Property Lease* seeking to compel the Debtor to assume or reject the Agreement.[8] Acceptance Now argues that, under Florida law, the Agreement is a true lease that must be assumed or rejected under § 365.[9]

**DISCUSSION**

The threshold issue before the Court is whether the agreement is a security agreement or a true lease. Traditionally, bankruptcy courts have determined whether a lease agreement is a security agreement or a true lease by considering various factors, including whether title to the leased property is transferred to the lessee at the end of the lease term for nominal value.[10]

However, property interests in bankruptcy are created and defined by state law.[11] In Florida, the Rental-Purchase Agreement Act[12] ("the Act") specifically provides that certain rental-purchase agreements are not security agreements.

Section 559.9232(1)(e), Florida Statutes, defines "rental-purchase agreement" as an agreement for the use of personal property by a natural person for personal or household use, for an initial period of four months or less, that is automatically renewed with each rental payment following the initial period, and that permits lessee to acquire ownership of the property. And under § 559.9232(2)(f), Florida Statutes, a rental-purchase agreement is not construed to be a security interest as defined in § 671.201(38), Florida Statutes.

Only one Florida bankruptcy court has addressed the issue of whether a debtor may be required, under § 365, to assume or reject a rental-purchase agreement.[13] In *Porterfield*, the debtor

---

[8] Doc. No. 20.
[9] Doc. No. 20.
[10] *In re Grubbs Const. Co.*, 319 B.R. 698, 714 (Bankr. M.D. Fla. 2005).
[11] *In re Porterfield*, 331 B.R. 480, 482 (Bankr. S.D. Fla. 2005) (citing *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979)).
[12] Fla. Sta. § 559.9232(1)(e).

entered into three rental-purchase agreements that obligated the debtor to pay the creditor initial weekly rental payments. The rental-purchase agreements provided that the debtor could obtain ownership of the property if he exercised an early purchase option and paid the required consideration. The court ruled that state law defined property interests in bankruptcy and that under the Act, the agreements were true leases rather than disguised security agreements.

Some bankruptcy courts, analyzing legislation of other states that that is similar to the Act, have also concluded that rental-purchase agreements are true leases and subject to § 365.[14] Although a few courts have found rental-purchase agreements to be neither true leases nor security agreements, they have nonetheless found them to be executory in nature and within the scope of § 365.[15] All of the bankruptcy courts held that rental-purchase agreements must be assumed or rejected under §365.[16]

Here, the Agreement meets the Act's definition of a "rental-purchase agreement." It is a contract for the use of personal property; it was entered into by Debtor, who is an individual; it involves the lease of property being used for household purposes; it has an initial period of two months; it is automatically renewed with each rental payment after the initial two month lease period; and Debtor may acquire ownership of the Furniture.[17]

Therefore, the Court finds the Agreement to be a true lease and not a disguised security agreement. Under § 365(d)(2), at the request of a party to an unexpired lease, the Court may order a

---

[13] *In re Porterfield*, 331 B.R. at 482 (citing *Butner v. United States*, 440 U.S. at 55, 99 S. Ct. at 918).
[14] *See In re Rembert*, 293 B.R. 664, 667 (Bankr. M.D. Pa. 2003); *In re Osborne*, 170 B.R. 367, 370 (Bankr. M.D. Tenn. 1994).
[15] *See In re Knowles*, 253 B.R. 412, 416 (Bankr. E.D. Ky. 2000); *In re Stellman*, 237 B.R. 759, 764 (Bankr. D. Idaho. 1999); *In re Trusty*, 189 B.R. 977, 981 (Bankr. N.D. Ala. 1995).
[16] *See In re Rembert*, 293 B.R. at 667; *In re Knowles*, 253 B.R. at 416; *In re Stellman*, 237 B.R. at 764; *In re Trusty*, 189 B.R. at 981; *In re Osborne*, 170 B.R. at 370.
[17] Doc. No. 20.

Chapter 13 debtor to assume or reject such lease. Accordingly, for the foregoing reasons, the Court has ordered the Debtor to assume or reject the Agreement.

The Clerk's office is directed to serve a copy of this order on interested parties via CM/ECF.